■ STEPHEN DONOVAN et al., Appellants, v CITY OF NEW YORK et al., Respondents. [790 NYS2d 11]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered September 18, 2003, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs sued for negligence, malicious prosecution and defamation following the dismissal of a child-abuse proceeding against them in Family Court. They have failed to raise a triable issue of fact as to whether defendants proceeded in bad faith during the investigation of the allegations, so as to rebut the presumption of immunity afforded to child protective service agents under Social Services Law § 419. Defendants had commenced their proceeding following receipt of a babysitter's report of apparent abuse, which was substantially corroborated by the child herself, as well as by the report of the examining physician. No reasonable governmental officer would have found it illegal for the City to act on such evidence (*see Lennon v Miller*, 66 F3d 416, 420-421 [2d Cir 1995]).

Although plaintiffs alleged that the various parties involved in prosecuting the case were motivated by bad faith, they failed to substantiate their allegations with clear, admissible evidence. Nor does the omission of entries in certain sections of CWA-OFS Form W-736A warrant a different conclusion, since a review of the comments that were entered by the caseworker shows she provided sufficient detail and narrative for the investigation. The fact that the caseworker contemplated altering a medical document, for the likely purpose of redacting certain details, does not create an inference that she acted in bad faith when interviewing plaintiffs' family. Furthermore, the acts of the prosecuting attorney, who allegedly defamed plaintiffs, are protected by absolute immunity (*Levy v State of New York*, 58 NY2d 733, 734 [1982]; *see Imbler v Pachtman*, 424 US 409 [1976]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Sullivan and Nardelli, JJ.